## Centre County *v.* Gramley, Appellant.

*Officers—County Treasurer—Commissions.*

A county treasurer is entitled to commissions on such road, school and poor taxes only as he both collects and distributes. He is not entitled to compensation for distributing the moneys collected by his predecessors and left in the treasury.

In a county where the treasurer is paid an annual salary, he is not entitled to commissions for paying over to the commonwealth the state tax on personal property collected by his predecessor.

Argued April 20, 1893.    Appeal, No. 357, Jan. T., 1893, by defendant, James J. Gramley, from judgment of C. P. Centre Co., April T., 1893, No. 296, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Feigned issue on appeal from county auditor.

At the trial, before FURST, P. J., defendant claimed commissions on $2,000 of road, school and poor taxes collected by his predecessor and left in the treasury. He also claimed com-

missions on the state tax on personal property for the year 1890, collected by his predecessors but not paid over to the commonwealth. The treasurer of Centre county is allowed a salary of $2,000 per annum, but it is customary to allow him commissions on road, school and poor taxes collected by him for the several townships.

The court charged in part as follows :

" In the case we are trying, the treasurer of this county claims that the auditors made an error in the settlement of his accounts, first, in not allowing him a commission of $71.83 on $7,111.49 of state taxes which had been collected by Mr. Goss, the predecessor of Mr. Gramley, for the year 1890, the settlement of which was made on the 31st of December, 1890, by the auditor general and approved by the state treasurer on the 8th of January, 1891. In that settlement the commonwealth allowed to the county one per cent treasurer's commission, $71.83, which was paid by the county to Mr. Goss, the former treasurer. There has been considerable controversy with regard to that $71.83. Mr. Goss did not actually pay over these taxes to the commonwealth ; he paid the money to his successor and therefore no commission could be legally paid, as we understand the law. That account, however, is settled and closed, being concluded by the auditors' settlement.

" [The present treasurer paid over this money on the 30th day of July, 1891, and he claims he is entitled to the $71.83 commission. The county appropriated the state tax for county purposes but failed to pay it over ; and afterwards when the state department was urging the collection of this money, the county raised the money and placed it in the hands of the present treasurer ; and he paid it out to the commonwealth on the 30th day of July, 1891. Clearly he is not entitled to this commission. Mr. Gramley paid it out of the county funds furnished him ; he paid it as a debt due from the county of Centre to the commonwealth of Pennsylvania, just precisely as if the commonwealth had a judgment against the county of Centre. The treasurer used the money to pay it. We say, because it did not occur in his administration, he is not entitled to this compensation. We say further, because there was a failure to pay it at the proper time, there was no compensation due ; and we say finally that, the treasurer having paid it in the

manner in which he did, his salary covered the service rendered in performing that transaction, and he is not entitled to independent pay therefor.] [1]

" [The treasurer also claims that he is entitled to a commission of five per cent on $266.45 of money collected for licenses and not paid over by the former treasurer. Mr. Goss had collected $266.45 of licenses, which he failed to pay to the several townships; but he paid it over to Mr. Gramley, the present treasurer; and we presume that Mr. Gramley has paid it over to the proper parties. We say to you that, he not having collected this money, but simply paid it over, he is not entitled to any extra commission upon that. His services in that respect, therefore, must be considered as compensated for by the salary.] [2]

" We come now to the most important part of the case. In the settlement made by the county auditors and in the records of the treasurer's office, we find that Mr. Goss, as treasurer of this county, received, for the year 1890, $6,238.90 road taxes. These taxes are not due to the county, but they are due to the several townships in which the unseated lands lie, which are assessed for road taxes. He also received, during the same time, school taxes collected by him amounting to $9,556.81. He also received, during that time poor taxes amounting to $4,377.41, making a total of $20,173.12. This money Mr. Goss had received up to January, 1891, when he went out of office. That money remained in his hands, not paid over by him to the districts, but paid to his successor. Mr. Gramley, himself, during his term, collected road taxes, $2,742.94; school taxes, $2,731.48; and poor taxes, $1,141.94; making a total collection by him of $6,612.36. Of this fund the treasurer paid out road taxes, $1,156.80; school taxes, $1,811; and poor taxes, $291.40; making $2,359.20. Of this sum collected and paid cut by Gramley, he was paid the following commissions: On road taxes, $57.84; school taxes, $90.55; and on poor taxes, $14.57; making a total of $162.96; but he was paid nothing as commission on the $20,173.12 collected by his predecessor and not paid out by Mr. Goss, but transferred to Gramley. It is conceded by the county, in this case, that Mr. Gramley is entitled to $172.81 more commissions on the money collected and paid out by him than was allowed by the auditors in their report. The county contends that on the $20,173, the treasurer

is entitled to receive no commission; and the act of 1887, which I have read, is cited as authority for the position. That act provides that it shall be lawful for the county treasurers hereafter elected or appointed to charge and deduct from the school, road and other municipal taxes collected and paid over to the proper authorities by them the same rate per centum as is allowed the treasurer.

"The objection to Mr. Gramley's right to receive compensation on the $20,173.12, or that part of it which he has paid over, is in the fact that he did not collect this money as taxes; that he did not collect it at all; that this money was collected by the previous treasurer for road, school and poor taxes, and that he simply transferred it, when he went out of office, to his successor. There are two duties devolving upon the treasurer, which are the bases for the compensation on his part; he must collect the taxes and he must distribute them to the proper districts; and, upon doing that, he is entitled to the commission to be allowed him by the auditors and the commissioners. [We, therefore, say to you as a matter of law that the treasurer is entitled to $172.81 more commission than the auditors allowed him, which is conceded in this case, on moneys collected and paid over by him; but he is not, under the law, entitled to any compensation for the moneys collected by the former treasurer and left remaining in the treasury when he went out of office. And now we make this ruling broad and strong, so that, if we are in error, it can be corrected, if the parties see fit to have the case reviewed.] [3] And, whilst we say that that is the law, we intend to reserve the question of law arising upon that branch of this case for further consideration, so that, if we ourselves discover we have made an error, we may be able to correct it.

"Therefore, our conclusion is as follows: The money that is due from Mr. Gramley, whilst the issue here is between him and the county, is due to the several townships in this county wherein the unseated lands lie; and the county, so far as this issue is concerned, must be regarded in the nature of a trustee for these several districts. There will be no difficulty in framing the verdict so as to protect the townships in this case. Counsel have prepared two schedules, schedule No. 1, and schedule No. 2, showing the proper distribution of this money under different views of the law. . . .

" The auditors certify a balance against Gramley of $5,494.11. We have already instructed you that he is entitled to a credit of $172.81 for commission on moneys collected and paid out by him, which the auditors failed to allow and which would reduce the balance to $5,321.30. Two schedules of distribution have been presented to the court so as to properly declare to whom this money, found by your verdict, should be paid. Schedule No. 1 shows a distribution of the funds to the several townships, road, school and poor, entitled to receive them according to the instructions which we have given you. Schedule No. 2, will show a distribution of the money to these same districts, allowing the treasurer credit with the commission upon the $20,173.12 which was collected by his predecessor and transferred to the present treasurer. Whether or not the present treasurer is entitled to receive commission on the $20,173.12 aforesaid, collected by the former treasurer and which is represented in schedule No. 2, we will reserve for further consideration; and, if we come to the conclusion upon further examination, that the treasurer is entitled to a compensation of five per cent upon the $20,173.12 collected by the former treasurer, we will modify the verdict that will be received now at your hands to that extent. If, however, we come to the conclusion that we are right in our view of the law, your verdict as taken by the court will remain. As there is really no question of fact to be submitted to the jury, and as we have allowed a credit of $172.81 upon the balance found by the auditors, it will be the duty of the jury to render a verdict in favor of the plaintiff for the sum of $5,321.30, according to the schedule of distribution marked No. 1, which is made a part of your verdict, subject however to the opinion of the court upon the question of law reserved, whether or not the treasurer is entitled to a further credit of five per cent on the funds, to wit, $20,173.12, collected by the former treasurer and transferred to the present treasurer, as already stated in the reserved point."

Defendant's point was among others as follows :

" 2. That the said treasurer is entitled to receive a percentage upon all such municipal taxes received by him and paid over to the proper authorities within the year, whether such moneys were collected by him from the taxpayers or received from his predecessor in office." Refused. [4].

Verdict and judgment for plaintiff for $5,321.30.

*Errors assigned* were, (1–4) instructions, quoting them.

John H. Orvis, C. M. Bower and *Ellis L. Orvis* with him, for appellant, cited: Act of April 15, 1834, P. L. 543; Schuylkill Co. v. Com., 36 Pa. 524; acts of May 23, 1887; April 3, 1868, P. L. 639; April 28, 1840, P. L. 471.

*D. F. Fortney*, for appellee, cited: Acts of May 23, 1887, § 1; April 15, 1834; April 28, 1840, § 15; May 18, 1857, § 79; Potter Co. v. Oswayo Twp., 47 Pa. 162.

PER CURIAM, May 1, 1893:

The able and ingenious argument of the learned counsel for defendant in this feigned issue has failed to convince us that there is any such error, in the rulings of the learned president of the common pleas, as requires a reversal of the judgment. On the contrary, an examination of the record, with special reference to the specifications of error, has satisfied us that his construction of the several acts of assembly relating to the questions involved in the issue, and his application of the law to the undisputed facts, are substantially correct.

In providing compensation for certain services of the county treasurer, there appears to be a casus omissus in not specifically authorizing payment of commissions to the outgoing treasurer on moneys received by him, but not paid out to the parties entitled thereto during his term of office; and also, in not allowing commissions to the incoming treasurer for services in disbursing said moneys paid over to him by his predecessor in office. It was necessary to bridge over the hiatus thus existing in each of these cases respectively; and we are not prepared to say that the mode in which it was accomplished by the court below was not as nearly correct as any that could have been adopted.

As to the item of $71.83, commissions of one per cent on $7,183.32, state tax on personal property for the year 1890, paid to the commonwealth by defendant in 1891, the court was clearly right in holding that he was not entitled thereto. The sum on which the commission is claimed was a past due debt

by the county to the commonwealth, and in paying that debt with the county funds defendant was serving his employer, and of course his services were fully compensated by his salary.

The questions presented by the several assignments of error, together with the rulings of the learned judge thereon, and his reasons for directing a verdict in favor of plaintiff for $5,321.30, and afterwards entering judgment thereon for that sum, sufficiently appear in his charge. Further comment is deemed unnecessary. Neither of the specifications of error is sustained.

Judgment affirmed.